

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

## 12-81054-Civ-Rosenbaum/Selzer

LYDIA AIELLO,

       Plaintiff,

v.

                                 Civil Action No. _____

POLLACK & ROSEN, P.A.; and
DOE 1-5

       Defendants.

_____

### COMPLAINT

### (Jury Trial Demanded)

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in collection efforts against Plaintiff while Plaintiff so resided.

### PARTIES

1

2

3. Plaintiff, LYDIA AIELLO (hereinafter "Plaintiff" or "Ms. Aiello"), is a natural person residing in West Palm Beach, Florida. Defendant, POLLACK & ROSEN, P.A., (hereinafter "Defendant") is a professional association believed to maintain its principle place of business at 800 Douglas Road, North Tower, Suite 450 in Coral Gables, Florida. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. Defendants POLLACK & ROSEN, P.A. and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. In mid August, 2011, Defendants began contacting Ms. Aiello by telephone in an attempt to collect a consumer debt alleged owed by Ms. Aiello.

6. On August 19, 2011, Ms. Aiello sent Defendants a letter requesting verification of the alleged debt pursuant to 15 U.S.C. 1692g. On or after September 21, 2011, Defendants sent Ms. Aiello a letter in response in which the following caption was prominently displayed in bold print: "Re: CAPITOL ONE v. LYDIA AIELLO." Believing that some action had been filed in a court of law, Ms. Aiello was confused and substantially concerned regarding this caption.

2

7. Due to Defendant's letter referencing "CAPITOL ONE v. LYDIA AIELLO", Ms. Aiello retained counsel with Centennial Law Offices.

8. On October 24, 2011, Attorney Robert Amador of Centennial Law Offices contacted Defendants by telephone, advised Defendants that client was represented, and provided his contact information. Defendants provided Mr. Amador information regarding the alleged debt and confirmed that no litigation was pending at that time. A subsequent public records search by Mr. Amador did not reveal any such case pending against Ms. Aiello.

9. Despite having actual knowledge that Ms. Aiello was represented by counsel, Defendants called Mr. Aiello on November 3, 2011. Defendants continued to place collection calls to Ms. Aiello, which requested return calls, though December of 2011.

## CAUSES OF ACTION

### COUNT I

10. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly subsections 1692e(2)(A) and 1692e(10) with regards to Plaintiff as follows: Defendants use the caption "CAPITOL ONE v. LYDIA AIELLO" was a false, deceptive, or misleading representation made in connection with the collection of a debt where no such case was pending.

### COUNT II

3

11. Plaintiff re-alleges paragraphs 1 through 9, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff as follows: Defendants continued to make collection calls to Plaintiff after having actual knowledge that Plaintiff was represented by counsel, and having the means to contact Plaintiff's counsel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, each count in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,355.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: September 19, 2012

*Lydia Aiello*
LYDIA AIELLO

4

(In Pro Se)
13883 73 Street North
West Palm Beach, FL. 33412
(561)795-9371